976 F.2d 736
 NOTICE: Ninth Circuit Rule 36-3 provides that dispositions other than opinions or orders designated for publication are not precedential and should not be cited except when relevant under the doctrines of law of the case, res judicata, or collateral estoppel.
Robert E. ANDERSON, a single man; Bonnie Delillie,
Plaintiffs-Appellants,
v.
UNITED STATES of America, Defendant-Appellee.
 No. 91-16932.
 United States Court of Appeals, Ninth Circuit.
 Submitted Sept. 15, 1992.*
Decided Sept. 18, 1992.
 
 Before GOODWIN, D.W. NELSON and REINHARDT, Circuit Judges.
 
 
 1
 MEMORANDUM**
 
 
 2
 Robert E. Anderson and Bonnie Delillie appeal the district court's dismissal of their Federal Torts Claims Act ("FTCA"), 28 U.S.C. §§ 1346, 2671 et seq., action for lack of subject matter jurisdiction. The district court found that Anderson, an active duty Marine at the time the cause of action allegedly arose, was barred from bringing his medical malpractice claim against the United States under the FTCA by the Feres doctrine. See Feres v. United States, 340 U.S. 135 (1950). The court also found that Delillie, Anderson's mother, could not maintain her action for the loss of the "society and service" of her son due to the alleged negligence of the United States because it was a derivative claim. We have jurisdiction pursuant to 28 U.S.C. § 1291 and affirm.
 
 
 3
 On appeal, the appellants cite Persons v. United States, 925 F.2d 292 (9th Cir.1991) and United States v. Johnson, 481 U.S. 681 (1987), and "acknowledge that under the current state of the law the Feres doctrine bars their claims" because Anderson was in the military and the alleged malpractice occurred in a military hospital. Appellants, however, request that we overrule Feres, and follow the dissent in Johnson. See 481 U.S. at 692-703.
 
 
 4
 While the doctrine "has been criticized 'by countless courts and commentators' including this court, ... the Feres doctrine remains the law of the land, and we must undertake to apply it." Estate of McAllister v. United States, 942 F.2d 1473, 1475-76 (9th Cir.1991) (quoting Persons, 925 F.2d at 295). Accordingly, we affirm. "In doing so, we follow a long tradition of reluctantly acknowledging the enormous breadth of a troubled doctrine." Id. at 1480.
 
 
 5
 AFFIRMED.
 
 
 
 *
 The panel unanimously finds this case suitable for decision without oral argument. Fed.R.App.P. 34(a); 9th Cir.R. 34-4
 
 
 **
 This disposition is not appropriate for publication and may not be cited to or by the courts of this circuit except as provided by 9th Cir.R. 36-3